# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| MILLER GLOBAL PROPERTIES, LLC | |
| Plaintiff | Case No.: GJH-17-1102 |
| v. | |
| ANGELA GREEN | |
| Defendant.[1] | |

## MEMORANDUM OPINION

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Plaintiff") brings a claim of negligence against Defendant Angela Green ("Defendant"), alleging that Defendant's negligence caused damage to a hotel room insured by Plaintiff. ECF No. 3. Presently pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 11. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because Defendant has not been properly served, Plaintiff's Motion will be denied.

**I.     BACKGROUND**

Plaintiff is a corporation organized under the laws of the State of Massachusetts and is in the business of writing insurance and liability coverage. ECF No. 3 ¶ 1. At all times relevant to the claim herein, Plaintiff provided property insurance coverage for an Embassy Suites Hotel in Springfield, Virginia (the "Hotel") owned and operated by Miller Global Properties, LLC ("Miller Global"). *Id.* ¶¶ 2, 3. On February 27, 2016, Defendant was a guest at the Hotel,

---

[1] This action was initially filed in the name of Miller Global Properties, LLC on April 21, 2017. ECF No. 1. On April 27, Plaintiff filed an Amended Complaint in the name of "Liberty Mutual Fire Insurance Company, as subrogee of Miller Global Properties, LLC." ECF No. 3. The Clerk is instructed to revise the docket accordingly.

1

occupying and using Suite 502, when Defendant and her guests suspended garments from a sprinkler head in the suite. *Id.* at ¶ 7–8. Plaintiff alleges that this activated the sprinkler system within the suite, causing flooding and substantial property damage to the Hotel. *Id.* at ¶ 9.

The Clerk of the Court issued a summons on May 5, 2017, ECF No. 5, and a process server unsuccessfully attempted to issue personal service to Defendant at her residence on five separate occasions. ECF No. 6-1 ¶ 2. Being unable to make personal service, the process server left a copy of the summons posted on the front door of Defendant's residence. *Id.* ¶ 3. On September 22, 2017, the Clerk granted Plaintiff's Motion for Entry of Default as to Defendant, ECF No. 9, and on October 24, 2017, Plaintiff filed a Motion for Default Judgment, ECF No. 11.

## II. DISCUSSION

According to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Berrios v. Green Wireless, LLC*, No. GJH-14-3655, 2018 WL 1229728, at *2 (D. Md. Mar. 8, 2018) (citing *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012)). Though the Fourth Circuit "has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern. Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Berrios*, 2018 WL 1229728 at *2 (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)). However, a court cannot grant a motion for default judgment

if the defendant was not properly served. *See D'Onofrio v. IL Mattino*, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006) ("as part of determining whether it has personal jurisdiction over a defaulting defendant, the court must inquire as to whether there was sufficient service of process").

Pursuant to Federal Rule of Civil Procedure 4(c)(1), to effectuate proper service, the defendant must be served with both a copy of the complaint and the summons issued by the clerk. Service must be made in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Rule 4(e)(1), or by any of the following means:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e)(2). For this action, the commensurate state law for service of process is found in Maryland Rule 2-121.

Here, Plaintiff's service of process was improper for two reasons. First, Plaintiff's Affidavit of Service, ECF No. 6-1, only indicates that Plaintiff attempted to serve Defendant with a copy of the summons—it does not appear that Plaintiff attempted to provide a copy of the Complaint. Second, Plaintiff's method of service, by first attempting personal service and then leaving a copy of the summons on the front door of Defendant's residence, does not comport with applicable Federal or Maryland Rules. Notably, the Maryland Rules permit service as follows:

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the

3

> summons, complaint, and all other papers filed with it by certified mail
> requesting: "Restricted Delivery--show to whom, date, address of delivery."

MD Rule 2-121(a). While the rules permit other means of service "reasonably calculated to give actual notice," such means are only permitted by court order after the plaintiff offers sufficient proof that it either made a good faith effort to serve the defendant in accordance with the rules or that the defendant has acted to evade service. *See id.* 2-121(b),(c). Because Plaintiff did not first obtain an order from this Court allowing alternate means of service, service was improper. Moreover, the method by which Plaintiff attempted to serve Defendant is not permitted in Maryland and would not have been permitted by this Court. While Maryland courts permit service by the use of the "nail and mail" method, whereby notice is posted at a defendant's residence and mailed through first-class mail when good faith efforts to serve pursuant to MD Rule 2-121(a) are unsuccessful, the notice must be both posted *and* mailed—mere posting at a defendant's purported residence is not enough. *See Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1227–28 (Md. 2001); *see also Auld v. Montoya-Hernandez*, No. ELH-11-969, 2012 WL 1379452, at *2 (D. Md. Apr. 17, 2012) (permitting 'nail and mail' service when good faith efforts to serve were unsuccessful). Therefore, because Defendant has not been properly served, Plaintiff's Motion is denied. Plaintiff may re-attempt to properly serve Defendant or move for alternate service as discussed herein.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 11, is denied.

Dated: <u>July 23, 2018</u>  /s/
GEORGE J. HAZEL
United States District Judge